NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3850-15T2

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

ANTWON T. SMITH,

 Defendant-Appellant.

_____________________________

 Submitted July 25, 2017 – Decided August 4, 2017

 Before Judges Reisner and Suter.

 On appeal from the Superior Court of New
 Jersey, Law Division, Middlesex County,
 Indictment No. 14-12-1384.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Theresa Yvette Kyles, Assistant
 Deputy Public Defender, of counsel and on the
 brief).

 Andrew C. Carey, Middlesex County Prosecutor,
 attorney for respondent (Patrick F. Galdieri,
 II, Assistant Prosecutor, of counsel and on
 the brief).

PER CURIAM

 Following the denial of his suppression motion, defendant

Antwon T. Smith pled guilty to first-degree murder, N.J.S.A. 2C:11-
3(a)(1), and was sentenced, per the plea agreement, to a prison

term of thirty years without parole. He appeals from the

conviction, presenting the following point of argument concerning

the suppression issue:

 POINT I

 BECAUSE SMITH'S FIFTH-AMENDMENT RIGHTS WERE
 VIOLATED BY THE FAILURE OF THE POLICE TO
 TERMINATE QUESTIONING, OR TO CLARIFY SMITH'S
 INTENT, WHEN HE AT LEAST AMBIGUOUSLY ASSERTED
 HIS RIGHT TO SILENCE, THE ORDER DENYING
 SMITH'S MOTION TO SUPPRESS HIS STATEMENT
 SHOULD BE REVERSED. U.S. CONST., AMENDS. V,
 XIV.

 After reviewing the record, including the DVD of defendant's

statement to the police, we affirm substantially for the reasons

stated by Judge Barry A. Weisberg in his oral opinion issued on

September 24, 2015, following the Miranda1 hearing. We add the

following brief discussion.

 The case involved the fatal shooting of Robert Bailey in

Carteret. The shooting was captured by a security camera, and

defendant was one of the individuals in the security video.

Defendant, who was twenty-eight years old at the time, was arrested

the day after the shooting, based on an outstanding municipal

warrant. While he was being questioned about the shooting,

1
 Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d
694 (1966).

 2 A-3850-15T2
defendant was shown two still photos taken from the video. He

admitted that he was in the first photo, but claimed he did not

know the other individuals in the photo. The police then showed

him a second photo, describing it to defendant as: "This is you,

this is a gun. All right? You shot this guy in the back of the

head. It's on camera." He then asked the police to give him his

cell phone so that he could speak with his mother.

 Defendant repeated that request multiple times during the

interview, assuring the police that they could put the cell phone

on speaker mode so they could hear the conversation he would have

with his mother. At no point did defendant refuse to speak to the

police unless he could speak to his mother first. Nor did he

indicate that he wanted her advice. Eventually, defendant

explained that he just wanted to tell his mother that he loved her

and that, as he put it, he had "fucked up." In other words, he

wanted his mother to hear the bad news from him before she heard

it from the police.

 As the Supreme Court has recently reminded us, our review of

the trial judge's factual findings is deferential, and that

deference includes trial court findings based on the video of a

police interrogation. State v. S.S., __ N.J. __, __ (2017) (slip

op. at 16-17) (overruling State v. Diaz-Bridges, 208 N.J. 544, 566

(2012), to the extent that it adopted a de novo standard of

 3 A-3850-15T2
appellate review). In S.S., the Court also reiterated the

principle that even an ambiguous assertion of the right to remain

silent requires that the police stop questioning the suspect until

the ambiguity is resolved.

 In that light, "[a]ny words or conduct that
 reasonably appear to be inconsistent with
 defendant's willingness to discuss his case
 with the police are tantamount to an
 invocation of the privilege against self-
 incrimination." In those circumstances in
 which the suspect's statement is susceptible
 to two different meanings, the interrogating
 officer must cease questioning and "inquire
 of the suspect as to the correct
 interpretation."

 [Id. at __ (slip op. at 19) (quoting State v.
 Bey II, 112 N.J. 123, 136 (1988)).]

 Thus, the Court agreed with the trial court's determination

that S.S. invoked his right to remain silent when he told the

police, "that's all I got to say. That's it." Id. at __ (slip

op. at 21). On the other hand, if a suspect's statement cannot

fairly be construed as being even an ambiguous invocation of the

right to remain silent, the interrogation need not stop. Diaz-

Bridges, supra, 208 N.J. at 566-67. S.S. did not affect that

portion of the holding in Diaz-Bridges. Thus, merely asking to

speak to a parent is not necessarily an invocation of the right

to silence. Diaz-Bridges, supra, 208 N.J. at 567.

 4 A-3850-15T2
 On this record, we find no basis to second-guess Judge

Weisberg's findings that the defendant's confession was voluntary,

his will was not overborne, and his requests to speak with his

mother were not an expression of his wish to stop answering

questions. Similarly to the defendant in Diaz-Bridges, defendant

here was asking to speak to his mother so that he could tell her

he loved her and let her know that he had done something terrible.

See Diaz-Bridges, supra, 208 N.J. at 570. Unlike State v. Maltese,

222 N.J. 525, 546 (2015), defendant did not indicate that he wanted

to get his mother's advice or that he wanted to stop talking to

the police until he obtained her advice. We find no basis to

disturb the trial court's conclusion that, under the totality of

the circumstances, defendant was not invoking his right to silence.

As a result, the police did not violate defendant's Miranda rights

when they continued to question him.

 Affirmed.

 5 A-3850-15T2